1

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW
120 MONTGOMERY STREET, SUITE 2550
SAN FRANCISCO, CALIFORNIA 94104-4303
TELEPHONE 415-281-2024
FACSIMILE 415-281-2010

2

3

4    David A. Tartaglio (State Bar No. 117232)
d.tartaglio@mpglaw.com

5    Catherine M. Lee (State Bar No. 197197)
c.lee@mpglaw.com

6    Attorneys for Defendants THE AMERICAN
SOCIETY FOR REPRODUCTIVE

7    MEDICINE and SOCIETY FOR ASSISTED
REPRODUCTIVE TECHNOLOGY

8

9                **UNITED STATES DISTRICT COURT**

10              **NORTHERN DISTRICT OF CALIFORNIA**

11                    **SAN JOSE DIVISION**

| | |
|---|---|
| OPTIONS NATIONAL FERTILITY REGISTRY, a California Corporation, and JESSICA and class of plaintiffs believed to be similarly situated (women egg donors whose eggs were allegedly given to unknown and unauthorized recipients via "egg sharing" without their informed consent, in violation of an existing legally binding contract),<br><br>          Plaintiffs,<br><br>    vs.<br><br>THE AMERICAN SOCIETY FOR REPRODUCTIVE MEDICINE; SOCIETY FOR ASSISTED REPRODUCTIVE TECHNOLOGY; DOES 1 through 102 (REGISTERED INFERTILITY PHYSICIANS) AND DOES 103 through 1500 (FERTILITY CLINICS AND ASSOCIATED PROFESSIONAL DEFENDANTS),<br><br>          Defendants. | Case No. C 07 5238 JF<br><br>Complaint Filed:  October 12, 2007<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS AMERICAN SOCIETY OF REPRODUCTIVE MEDICINE AND SOCIETY FOR ASSISTED REPRODUCTIVE TECHNOLOGY TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(b)(1)) OR ALTERNATIVELY, MOTION TO DISMISS FIRST, SECOND, AND THIRD CAUSES OF ACTION FOR FAILURE TO STATE A CLAIM (FRCP 12(b)(6)) and MOTION TO DISMISS CLASS CLAIMS (FRCP 12(b)(6)) OR STRIKE CLASS ALLEGATIONS (FRCP 12(f))**<br><br>Date:      July 11, 2008<br>Time:     9:00 a.m.<br>Ctrm:     3<br><br>Trial Date:               None. |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

MPA -- DEFS. ASRM & SART's MOTION  TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF
SUBJECT MATTER JURIS. OR ALT., MOTION TO DISMISS 1ST, 2ND, & 3RD C/A FOR FAILURE TO
STATE A CLAIM and MOTION TO DISMISS CLASS CLAIMS  OR STRIKE CLASS ALLEGATIONS

# TABLE OF CONTENTS

I.   INTRODUCTION AND SUMMARY OF ARGUMENT.................................................. 1

II.  LEGAL ARGUMENT ...................................................................................................... 2

    A.   THE COURT SHOULD DISMISS THIS LAWSUIT BECAUSE IT HAS
        NO SUBJECT MATTER JURISDICTION.................................................................. 2

        1.   No Federal Question Jurisdiction Has Been Pled. ........................................ 3

        2.   No Diversity Jurisdiction Exists Because There Is Not Complete
            Diversity Between The Parties. ..................................................................... 4

        3.   The Court Should Not Grant Plaintiffs Leave To Amend Their
            Complaint To Plead Diversity Jurisdiction. ................................................. 5

    B.   THE COURT SHOULD DISMISS OR STRIKE THE FIRST CLAIM FOR
        BREACH OF ORAL CONTRACT AND DISMISS THE SECOND
        CLAIM BECAUSE THEY FAIL TO STATE A CLAIM FOR RELIEF. ............... 6

    C.   THE COURT SHOULD DISMISS THE THIRD CLAIM FOR FRAUD
        BECAUSE IT DOES NOT PLEAD FRAUD WITH SUFFICIENT
        PARTICULARITY AND FAILS TO STATE A CLAIM FOR RELIEF. ............... 8

        1.   Plaintiffs Do Not Specifically Allege Which Defendant Was
            Engaged In The Alleged Fraud. .................................................................... 8

        2.   Plaintiffs Fail To Allege The Elements Of A Fraud Claim.......................... 9

    D.   THE COURT SHOULD DISMISS THE CLASS ACTION CLAIMS OR
        STRIKE THE REPRESENTATIVE CLAIM ALLEGATIONS BECAUSE
        PLAINTIFFS HAVE NOT SATISFIED RULE 23 OF THE FEDERAL
        RULES OF CIVIL PROCEDURE................................................................ 11

        1.   The Complaint Fails To Satisfy The Numerosity Requirement................. 12

        2.   The Complaint Fails To Satisfy The Commonality Requirement............... 12

        3.   The Complaint Fails To Satisfy The Typicality Requirement. ................... 13

        4.   Plaintiffs Fail To Satisfy The Adequacy Requirement. ............................. 13

III. CONCLUSION ............................................................................................................... 13

MPA -- DEFS. ASRM & SART's MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF
SUBJECT MATTER JURIS. OR ALT., MOTION TO DISMISS 1ST, 2ND, & 3RD C/A FOR FAILURE TO
STATE A CLAIM and MOTION TO DISMISS CLASS CLAIMS OR STRIKE CLASS ALLEGATIONS

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*AMS Realty, Inc. v. Tao,*
    114 B.R. 229 (Bankr. C.D. Cal. 1990) ................................................................ 7

*Ansari v. New York Univ.,*
    179 F.R.D. 112 (S.D. N.Y. 1998)...................................................................... 12

*Ardoin v. Stine Lumber Co.*
    220 F.R.D. 459 (W.D. La. 2004)...................................................................... 11

*Baker v. Carr,*
    369 U.S. 186, 82 S.Ct. 691 (1962) ..................................................................... 3

*Baker v. Pac. Far E. Lines, Inc.,*
    451 F. Supp. 84 (N.D. Cal.1978) ...................................................................... 5

*Balistreri v. Pacifica Police Dept.,*
    901 F.2d 696 (9th Cir. 1988)............................................................................ 6

*Bank of the West v. Valley Nat'l Bank of Arizona,*
    41 F.3d 471 (9th Cir. 1994)............................................................................. 10

*Bautista v. Pan Am. World Airlines, Inc.,*
    828 F.2d 546 (9th Cir.1987).............................................................................. 4

*Bly-Magee v. California,*
    236 F.3d 1014 (9th Cir. 2001) ........................................................................... 8

*Bonin v. Calderon,*
    59 F.3d 815 (9th Cir. 1995).............................................................................. 5

*Caterpillar Inc. v. Williams,*
    482 U.S. 386, 107 S.Ct. 2425 (1987) ................................................................ 3

*Cooper v. Pickett,*
    137 F.3d 616 (9th Cir. 1997)........................................................................... 10

*Coronet Ins. Co. v. Seyfarth,*
    665 F. Supp. 661 (N.D. Ill. 1987) .................................................................. 8, 9

*Fantasy Inc. v. Fogerty,*
    984 F.2d 1524 (9th Cir. 1993)...................................................................... 6, 11

*Franchise Tax Bd. v. Construction Laborers Vacation Trust,*
    463 U.S. 1, 103 S.Ct. 2841 (1983) .................................................................... 3

*General Tel. Co. of Northwest, Inc. v. EEOC,*
    446 U.S. 318, 100 S.Ct. 1698 (1980) .............................................................. 12

*General Tel. Co. of Southwest v. Falcon,*
    457 U.S. 147, 102 S.Ct. 2364 (1982) .............................................................. 13

ii

*Gillibeau v. City of Richmond,*
    417 F.2d 426 (9th Cir. 1969) ..................................................................... 12

*In re Haven Indus., Inc.,*
    462 F. Supp. 172 (S.D. N.Y. 1978) .............................................................. 8

*In re Marshall,*
    307 B.R. 517 (Bankr. E.D. Va. 2003) .......................................................... 7

*Jablon v. Dean Witter & Co.,*
    614 F. 2d 677 (9th Cir. 1980) ...................................................................... 8

*Kanter v. Warner-Lambert, Co.,*
    265 F.3d 853 (9th Cir.2001) ........................................................................ 4

*Knoell v. Petrovich,*
    76 Cal. App. 4th  164 (1999) ....................................................................... 6

*Kokkonen v. Guardian Life Ins. Co.,*
    511 U.S. 375 (1994) ..................................................................................... 2

*Lincoln Nat'l Bank v. Lampe,*
    414 F. Supp. 1270 (N.D. Ill. 1976) ............................................................. 9

*Miller v. Rykoff-Sexton, Inc.,*
    845 F.2d 209 (9th Cir.1988) ........................................................................ 5

*Neubronner v. Milken,*
    6 F.3d 666 (9th Cir. 1993) ........................................................................... 8

*Outdoor Systems, Inc. v. City of Mesa,*
    997 F.2d 604 (9th Cir. 1993) ....................................................................... 5

*Pederson v. Louisiana State Univ.,*
    213 F.3d 858 (5th Cir. 2000) ..................................................................... 12

*People v. Ashley,*
    42 Cal. 2d 246 (1954) ................................................................................ 11

*Resnik v. La Paz Guest Ranch,*
    289 F.2d 814 (9th Cir. 1961) ....................................................................... 4

*Rosario v. Livaditis,*
    963 F.2d 1013 (7th Cir. 1992) ................................................................... 12

*Savage v. Glendale Union High Sch.,*
    343 F.3d 1036 (9th Cir. 2003) .................................................................. 2, 3

*Smith v. McCullough,*
    270 U.S. 456 (1926) ..................................................................................... 2

*State of Minnesota v. U.S. Steel Corp.,*
    44 F.R.D. 559 (D. Minn. 1968) ................................................................. 11

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

**MPA -- DEFS. ASRM & SART's MOTION  TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF
SUBJECT MATTER JURIS. OR ALT., MOTION TO DISMISS 1ST, 2ND, & 3RD C/A FOR FAILURE TO
STATE A CLAIM and MOTION TO DISMISS CLASS CLAIMS  OR STRIKE CLASS ALLEGATIONS**

*Stock West, Inc. v. Confederated Tribes,*
    873 F.2d 1221 (9th Cir. 1989) ........................................................................ 2

*Tenzer v. Superscope, Inc.,*
    39 Cal. 3d 18 (1985) ..................................................................................... 11

*Tosco Corp. v. Communities for a Better Env't,*
    236 F.3d 495 (9th Cir. 2001) .......................................................................... 4

*White v. Lee,*
    227 F.3d 1214 (9th Cir. 2000) ......................................................................... 2

<u>Statutes and Rules</u>

California Civil Procedure Code
    Section 339 .................................................................................................... 6

Federal Rules of Civil Procedure
    Rule 9(b) .................................................................................................. 8, 10
    Rule 12(b)(1) ................................................................................................. 2
    Rule 12(b)(6) .............................................................................................. 6, 9
    Rule 12(f) ...................................................................................................... 11
    Rule 15(a) ...................................................................................................... 5
    Rule 23 .................................................................................................. 11, 13
    Rule 23(a) ................................................................................................. 1, 14
    Rule 23(a)(1) ................................................................................................ 12
    Rule 23(a)(2) ................................................................................................ 12
    Rule 23(a)(3) ................................................................................................ 13

11 U.S.C.
    Section 108(a) ................................................................................................ 7

28 U.S.C.
    Section 1331 .................................................................................................. 2
    Section 1332 .................................................................................................. 2
    Section 1332(c)(1) .......................................................................................... 4

<u>Other Authorities</u>

*Cal. Prac. Guide: Fed. Civ. Proc. Before Trial, supra,*
    Section 10:256 ............................................................................................. 11
    Section 10:257 ............................................................................................. 12

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

**MPA -- DEFS. ASRM & SART's MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF
SUBJECT MATTER JURIS. OR ALT., MOTION TO DISMISS 1ST, 2ND, & 3RD C/A FOR FAILURE TO
STATE A CLAIM and MOTION TO DISMISS CLASS CLAIMS OR STRIKE CLASS ALLEGATIONS**

1    I.    **INTRODUCTION AND SUMMARY OF ARGUMENT.**

2        Plaintiffs' Complaint against Defendants American Society for Reproductive

3    Medicine ("ASRM") and Society for Assisted Reproductive Technology ("SART") is defective.

4        The Complaint fails to plead a basis for this court's jurisdiction over the subject

5    matter of this case.  Plaintiffs Option National Fertility Registry ("Options") and the class of

6    similarly situated women egg donors do not allege that a federal statute is at issue or that a

7    constitutional right is implicated.  As a result, the court has no federal question jurisdiction.

8    Plaintiffs also have not pled and cannot plead jurisdiction based on diversity because plaintiff

9    Options and defendant ASRM are both California corporations.  Thus, the court has no subject

10   matter jurisdiction and should dismiss plaintiffs' Complaint in its entirety.

11       Should plaintiffs' Complaint somehow survive dismissal on jurisdictional grounds,

12   the portion of the first claim for breach of oral contract and the second claim for intentional

13   interference with contractual relations should be dismissed because they are barred by the

14   applicable two year statute of limitations.  Plaintiffs allege they discovered the facts giving rise to

15   the claims in January, 2005.  However, they waited to file this action in October, 2007, more than

16   two and a half years later.  Plaintiff Options' Chapter 7 bankruptcy filing did not toll or extend the

17   two year limitations period for Options to file the lawsuit.  While the limitations period was

18   extended for the bankruptcy trustee, the trustee did not file a lawsuit.  After the trustee abandoned

19   the claims and they ceased to be a part of the bankruptcy estate, Options cannot pursue the claims

20   because the original two year statute of limitations period had expired.

21       In addition, the third claim for fraud should be dismissed because (i) plaintiffs have

22   not pled fraud with sufficient specificity against each defendant and (ii) plaintiffs failed to allege

23   three essential elements of a common law fraud claim.

24       Further, plaintiffs' class action claim should be dismissed or the class action

25   allegations stricken from the Complaint because plaintiffs fail to satisfy the requirements of Rule

26   23(a) of the Federal Rules of Civil Procedure.

27       Accordingly, defendants ASRM and SART respectfully request the court dismiss

28   plaintiffs' Complaint in its entirety for lack of subject matter jurisdiction.  Alternatively, the court

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

**MPA -- DEFS. ASRM & SART's MOTION  TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF
SUBJECT MATTER JURIS. OR ALT., MOTION TO DISMISS 1ST, 2ND, & 3RD C/A FOR FAILURE TO
STATE A CLAIM and MOTION TO DISMISS CLASS CLAIMS  OR STRIKE CLASS ALLEGATIONS**

1  should dismiss or strike plaintiffs' claims for breach of oral contract, dismiss the claims for

2  intentional interference with contractual relations and fraud, and dismiss the class action claim or

3  strike the class action allegations.

4  II.    **LEGAL ARGUMENT**

5        A.    **THE COURT SHOULD DISMISS THIS LAWSUIT BECAUSE IT HAS NO
              SUBJECT MATTER JURISDICTION.**

6

7             A federal court is a court of limited jurisdiction, and may adjudicate only those

8  cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.,* 511

9  U.S. 375, 377, 114 S.Ct. 1673 (1994). A federal court has subject matter jurisdiction if there is

10 diversity of citizenship between the parties <u>or</u> if the action is founded on a claim arising under the

11 Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331 and 1332. When subject

12 matter jurisdiction is challenged under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the

13 plaintiff has the burden of proving jurisdiction in order to survive the motion. *Stock West, Inc. v.*

14 *Confederated Tribes,* 873 F.2d 1221, 1225 (9th Cir. 1989). "A plaintiff suing in a federal court

15 must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to

16 federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention

17 or on discovering the same, must dismiss the case, unless the defect be corrected by amendment."

18 *Smith v. McCullough,* 270 U.S. 456, 459, 46 S.Ct. 338 (1926).

19             A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee,* 227

20 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). In a facial attack, the challenger asserts that

21 the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.

22 By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by

23 themselves, would otherwise invoke federal jurisdiction.

24             In resolving a factual attack on jurisdiction, the district court may review evidence

25 beyond the complaint without converting the motion to dismiss into a motion for summary

26 judgment. *Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003) (*citing*

27 *White, supra,* 227 F.3d at 1242). The court need not presume the truthfulness of the plaintiff's

28 allegations. *White, supra,* 227 F.3d at 1242. "Once the moving party has converted the motion to

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

582243.1                                                    2
**MPA -- DEFS. ASRM & SART's MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF
SUBJECT MATTER JURIS. OR ALT., MOTION TO DISMISS 1ST, 2ND, & 3RD C/A FOR FAILURE TO
STATE A CLAIM and MOTION TO DISMISS CLASS CLAIMS OR STRIKE CLASS ALLEGATIONS**

1 dismiss into a factual motion by presenting affidavits or other evidence properly brought before

2 the court, the party opposing the motion must furnish affidavits or other evidence necessary to

3 satisfy its burden of establishing subject matter jurisdiction." *Savage*, *supra*, 343 F.3d at 1039.

4 Plaintiffs cannot survive a facial or factual attack challenging the lack of subject

5 matter jurisdiction.

6 **1.    No Federal Question Jurisdiction Has Been Pled.**

7 Federal question jurisdiction requires that the complaint (1) arise under a federal

8 law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III,

9 section 2 of the U.S. Constitution, or (3) be authorized by a federal statute that both regulates a

10 specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198, 82 S.Ct.

11 691 (1962). A case "arises under" federal law only if the federal question appears on the face of

12 the plaintiff's well-pleaded complaint. *Franchise Tax Bd. v. Construction Laborers Vacation*

13 *Trust*, 463 U.S. 1, 9-12, 103 S.Ct. 2841 (1983). "The presence or absence of federal-question

14 jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482

15 U.S. 386, 392, 107 S.Ct. 2425 (1987). Under the well-pleaded complaint rule, federal-question

16 jurisdiction arises where the "complaint establishes either that federal law creates the cause of

17 action or that the plaintiff's right to relief necessarily depends on resolution of a substantial

18 question of federal law." *Franchise Tax Bd., supra,* 463 U.S. at 27-28.

19 Here, no federal question jurisdiction exists because plaintiffs' Complaint does not

20 arise under federal law. In their Complaint, plaintiffs simply conclude that federal question

21 jurisdiction exists.

22 Plaintiffs also allege that there is ORIGINAL FEDERAL
JURISDICTION in this case because certain federal statutes were
23 involved and violated in the events herein described, including, *inter*
*alia*, interstate commerce violations. California law and federal law
24 should be applied to this case as jurisdiction and venue are properly
in this forum.
25

26 Complaint, 3:19-22.

27 However, the alleged facts do not support the plaintiffs' conclusory assertion. The

28 four causes of action against ASRM and SART are for breach of contract, tortious interference

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

582243.1    3
**MPA -- DEFS. ASRM & SART's MOTION  TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF
SUBJECT MATTER JURIS. OR ALT., MOTION TO DISMISS 1ST, 2ND, & 3RD C/A FOR FAILURE TO
STATE A CLAIM and MOTION TO DISMISS CLASS CLAIMS  OR STRIKE CLASS ALLEGATIONS**

1  with contractual relations, fraud, and conversion.  In each of the claims, plaintiffs seek money

2  damages and injunctive relief for sharing donors' eggs without their consent.  In every claim

3  except the breach of contract action, plaintiffs also seek punitive damages.  Plaintiffs do not cite

4  the federal laws or statutes at issue.  Nor do plaintiffs allege that a constitutional right was

5  violated. There is no allegation, and there appears to be none that could be made, that resolution of

6  a substantial question of federal law is necessary to resolve these typical state laws claims.

7           Accordingly, from the face of the Complaint, no sufficient federal question exists

8  as to plaintiffs' four causes of action.  The court should find that plaintiffs' Complaint failed to

9  raise questions of federal law sufficient to confer federal jurisdiction.

10          **2.     No Diversity Jurisdiction Exists Because There Is Not Complete
                Diversity Between The Parties.**

11

12          "Subject matter jurisdiction based upon diversity of citizenship requires that no

13  defendant have the same citizenship as any plaintiff" and the amount in controversy exceeds

14  $75,000.  *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).  The

15  complaint must affirmatively allege the state of citizenship of each party.  *Bautista v. Pan Am.*

16  *World Airlines, Inc.*, 828 F.2d 546, 551 (9th Cir.1987); *see also Kanter v. Warner-Lambert, Co.,*

17  265 F.3d 853 (9th Cir.2001).  In determining whether there is diversity between corporate parties,

18  "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and

19  of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The party

20  asserting diversity jurisdiction bears the burden of proof.  *Resnik v. La Paz Guest Ranch*, 289 F.2d

21  814, 819 (9th Cir. 1961).

22          Here, there is not complete diversity between plaintiffs and defendants.  Plaintiffs

23  do not allege the citizenship of ASRM and SART so they can plead that diversity exists among the

24  parties.  However, complete diversity does not exist.  Plaintiff Options is a California corporation.

25  Complaint, ¶ 1 & Request for Judicial Notice, Ex. A.  Defendant ASRM also is a California

26  corporation.  Request for Judicial Notice, Ex. B and Declaration of Nancy Frankel, ¶¶ 3.  The

27  common citizenship of Options and ASRM bars federal diversity jurisdiction.

28

582243.1                                    4

**MPA -- DEFS. ASRM & SART's MOTION  TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF
SUBJECT MATTER JURIS. OR ALT., MOTION TO DISMISS 1ST, 2ND, & 3RD C/A FOR FAILURE TO
STATE A CLAIM and MOTION TO DISMISS CLASS CLAIMS  OR STRIKE CLASS ALLEGATIONS**

1

3.    **The Court Should Not Grant Plaintiffs Leave To Amend Their
Complaint To Plead Diversity Jurisdiction.**

2

3    Leave should not be granted for plaintiff to amend the Complaint.  Despite the fact

4   that Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave shall be freely given

5   when justice so requires," where an amendment would not cure the defect, leave should not be

6   granted.  *Outdoor Systems, Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993).  In deciding

7   whether to grant leave to amend, the Court considers several factors, including: (1) undue delay by

8   the party seeking the amendment; (2) prejudice to the opposing party; (3) bad faith; (4) futility of

9   amendment; and (5) whether the party previously has amended its pleadings.  *Bonin v. Calderon*,

10   59 F.3d 815, 845 (9th Cir. 1995).  "However, each is not given equal weight.  Futility of

11   amendment can, by itself, justify the denial of a motion for leave to amend."  *Id.*  A proposed

12   amendment is insufficient or "futile" if "there is no set of facts which could be proved under the

13   amendment to the pleadings which would constitute a valid and sufficient claim or defense . . . ."

14   *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal.1978); *see also Miller v. Rykoff-*

15   *Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988).

16    Here, plaintiffs cannot amend their Complaint to pled facts that would support the

17   existence of diversity jurisdiction.  As discussed in Section II. 2., *supra*, given that plaintiff

18   Options and defendant ASRM are both California corporations, diversity jurisdiction does not and

19   cannot exist.  No amendment of the Complaint will cure this defect.  Thus, an amendment would

20   be of no use and should not be permitted.  *Baker, supra,* 451 F. Supp. at 89 ("[W]here [a]

21   proposed amendment is insufficient in law and would thus be a useless act, it is proper ... to deny

22   leave to amend.")

23    Plaintiffs have not met their burden of alleging and proving that the court has

24   subject matter jurisdiction over this case.  Accordingly, the court should grant defendants ASRM's

25   and SART's motion to dismiss the Complaint for lack of subject matter jurisdiction.

26   ///

27   ///

28   ///

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

582243.1                                            5
**MPA -- DEFS. ASRM & SART's MOTION  TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF
SUBJECT MATTER JURIS. OR ALT., MOTION TO DISMISS 1ST, 2ND, & 3RD C/A FOR FAILURE TO
STATE A CLAIM and MOTION TO DISMISS CLASS CLAIMS  OR STRIKE CLASS ALLEGATIONS**

**B.    THE COURT SHOULD DISMISS OR STRIKE THE FIRST CLAIM FOR BREACH OF ORAL CONTRACT AND DISMISS THE SECOND CLAIM BECAUSE THEY FAIL TO STATE A CLAIM FOR RELIEF.**

Should the court find that it has subject matter jurisdiction over this case or that plaintiffs should be given leave to amend their Complaint, the court should nevertheless dismiss or strike the portion of the first claim for breach of oral contract[1] and dismiss the second claim for intentional interference with contractual relations pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).  A motion to strike can be used so as to attack portions of the pleading, including single words or phrases.  *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).  Dismissal under Rule 12(b)(6) is proper only when a complaint exhibits either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  Here, dismissal of the claims for breach of oral contract and intentional interference with contractual relations is proper because the applicable statute of limitation has run.  Fed. R. Civ. P. 12(b)(6).  A two year statute of limitation governs the claims.  Cal. Civ. Proc. Code § 339, subd. 1; *Knoell v. Petrovich,* 76 Cal. App. 4th 164, 168 (1999) (two year statute of limitation in section 339 governs claim for intentional interference with contract).

From the face of plaintiffs' Complaint, the time has expired for plaintiffs to bring their claims for breach of oral contract and intentional interference with contract.  Plaintiffs allege that in January, 2005, they discovered facts giving rise to their present claims.

> Plaintiffs did not learn about this material breach of contract by defendants until on or about January 2005, due to fraudulent concealment by defendants and delayed discovery, and the statute of limitations has therefore been tolled.

Complaint, 4:19-21 & 7:24-25 (incorporating by reference the earlier allegations).  As such, they had two years from January, 2005 to initiate their claims.  However, plaintiffs did not commence this action until October 12, 2007, more than two and a half years later.  Thus, plaintiffs' claims for breach of oral contract and intentional interference with contractual relations are time-barred.

---

[1] The first claim is for breach of contract, written and oral.  Complaint, 5:3-12.

1       Plaintiff Options' attempt to plead around the expired limitations period is futile.

2 Options' Chapter 7 bankruptcy filing in October, 2005 did not toll the statute of limitations for

3 itself or members of the plaintiff class.  When a bankruptcy is filed, the time is extended for a

4 "trustee" to file an action to the later of the expiration of the limitations period or two years after

5 the filing of the petition for bankruptcy, *if* the period within which the debtor may commence an

6 action did not expire before the petition filing date.  11 U.S.C. § 108(a).  The section 108(a)

7 extension inures only to the trustee's benefit, <u>not</u> to a Chapter 7 debtor.

> 8     The effect of the limitation to the trustee is important.  For example,
> if the cause of action ceases to be property of the estate, the trustee
> 9     no longer has a cause of action that he may pursue and the extension
> granted to the trustee ends.  At that point, the cause of action--*if not*
> 10   *time-barred*--revests in the party (typically the debtor) in whom it
> was vested when the case was commenced.  The benefit of the
> 11   extension granted by § 108(a) is for the benefit of the estate and is,
> effectively, personal to the trustee.  The debtor does not benefit from
> 12   it.  *If the original statute of limitation has not expired when the §*
> *108(a) extension expires or terminates, the debtor may pursue it*
> 13   *himself.  <u>If it expired during the pendency of the bankruptcy case, it</u>*
> *<u>is not revived when it ceases to be property of the estate and the</u>*
> 14   *<u>debtor may not pursue the cause of action.</u>*

15 *In re Marshall,* 307 B.R. 517, 520 (Bankr. E.D. Va. 2003) (*citing AMS Realty, Inc. v. Tao*, 114

16 B.R. 229 (Bankr. C.D. Cal. 1990)).

17       Here, Options cannot pursue its claims for breach of oral contract or intentional

18 interference with contractual relations against ASRM and SART.  Options discovered facts giving

19 rise to the present claims in or about January, 2005.  Complaint, 4:19-21 & 7:24-25.  Options filed

20 for Chapter 7 bankruptcy in October, 2005, well before the expiration of the two year limitations

21 period.  As such, section 108(a) provided a two year extension for the *bankruptcy trustee* to

22 commence an action relating to the present claims but the *trustee* did not commence such an action

23 before the end of the extension period.  11 U.S.C. § 108(a).  The bankruptcy trustee abandoned

24 rights to the present claims on September 11, 2007, and as of that date, the claims ceased to be part

25 of the bankruptcy estate.  Yet, by September 11, 2007, the original two year limitations period had

26 already run.  Thus, Options, the debtor, cannot pursue the previously expired claims.  *In re*

27 *Marshall*, *supra*, 307 B.R. at 520 (*citing AMS Realty, Inc., supra*, 114 B.R. 229)) ("If it expired

28 during the pendency of the bankruptcy case, it is not revived when it ceases to be property of the

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

**MPA -- DEFS. ASRM & SART's MOTION  TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF SUBJECT MATTER JURIS. OR ALT., MOTION TO DISMISS 1ST, 2ND, & 3RD C/A FOR FAILURE TO STATE A CLAIM and MOTION TO DISMISS CLASS CLAIMS  OR STRIKE CLASS ALLEGATIONS**

1    estate and the debtor may not pursue the cause of action").

2    　　　　In sum, members of the plaintiff class and Option plead that they discovered facts

3    in January, 2005, giving rise to the claims for breach of oral contract and intentional interference

4    with contractual relations. Plaintiffs' claims for breach of oral contract and interference with

5    contract had to be filed by January, 2007, but were not filed until October 12, 2007. Accordingly,

6    the court should dismiss the claims for breach of oral contract and intentional interference with

7    contract because they are time-barred. *Jablon v. Dean Witter & Co.*, 614 F. 2d 677, 682 (9th Cir.

8    1980) (court upheld dismissal of claims that were time-barred on the face of the complaint).

9    C.    **THE COURT SHOULD DISMISS THE THIRD CLAIM FOR FRAUD
      BECAUSE IT DOES NOT PLEAD FRAUD WITH SUFFICIENT**
10    **PARTICULARITY AND FAILS TO STATE A CLAIM FOR RELIEF.**

11    　　　　Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud

12    or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

13    "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice

14    of the particular misconduct which is alleged to constitute the fraud charged so that they can

15    defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v.*

16    *California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (*citing Neubronner v. Milken*, 6 F.3d 666, 672 (9th

17    Cir. 1993)) (internal quotation marks omitted). Plaintiffs have not complied with Rule 9(b)

18    because they do not specifically plead which defendant was involved in the alleged fraud.

19    Plaintiffs' fraud claim also fails to state a claim upon which relief can be granted because they fail

20    to plead three essential elements of a fraud claim.

21    1.    **Plaintiffs Do Not Specifically Allege Which Defendant Was Engaged In
      The Alleged Fraud.**
22

23    　　　　A pleading that contains allegations of fraud by multiple defendants, but does not

24    delineate each defendant's involvement in the alleged fraud, lacks the requisite particularity

25    mandated by Rule 9(b). *Coronet Ins. Co. v. Seyfarth*, 665 F. Supp. 661, 666-67 (N.D. Ill. 1987);

26    *In re Haven Indus., Inc.*, 462 F. Supp. 172, 182-83 (S.D. N.Y. 1978). This is because the

27    allegations do not sufficiently alert defendants as to which of the representations or omissions

28    each defendant was specifically charged with having made or what role each was alleged to have

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

1  played in the fraud. *Coronet Ins. Co., supra,* at 666-67. "Plaintiffs may not 'lump' defendants

2  together in general allegations of fraudulent activity, implying that each defendant is responsible

3  for the statements and actions of others. *Id.* at 666 (*citing Lincoln Nat'l Bank v. Lampe,* 414 F.

4  Supp. 1270, 1278 (N.D. Ill. 1976)). In *Coronet Ins. Co.,* the court dismissed the fraud claims

5  where the complaint alleged that the defendant "Seyfarth group" failed to disclose material facts or

6  made affirmative misrepresentations and that "defendants" so acted. *Id.*

7          Like the complaint in *Coronet Ins. Co.,* plaintiff's Complaint is similarly defective.

8  The alleged defendants are ASRM, SART, registered infertility physicians (named as Does 1-102)

9  and fertility clinics (named as Does 103-1500). Plaintiffs' Complaint is wholly devoid of

10  allegations as to how each of the defendants participated in the fraud. The Complaint refers to the

11  defendants as a group, without specifying which entity or doe defendant was involved.

12          29. From 1992 through 2003, *defendants* made certain
    representations to plaintiffs, which plaintiffs relied on to their
13          detriment. These representations, which *defendants* knew to be false
    but which plaintiffs believed to be true, included, *inter alia,*
14          promises that *defendants* would not share, sell, transfer, give away,
    donate, or otherwise transmit any of the plaintiff donors' eggs . . . .
15          *Defendants* promised that they would not . . . . Defendants also
    promised plaintiffs . . .

16

17          30. Plaintiffs relied on the misrepresentations of *defendants*
    from 1992 through the present . . . and such reliance was to the
18          detriment of plaintiffs because the plaintiffs were defrauded by
    *defendants,* as *defendants* had no real intention of honoring their
    commitment to exclusivity and informed consent requirements.

19

20  Complaint, 9:1-10, 13-17 (italics added). Plaintiffs have an "obligation to make good faith

21  differentiation throughout the complaint [of the alleged wrongdoing by each defendant, thereby] . .

22  . enabl[ing] each defendant to know with what he or it is charged and to what he or it must

23  answer." *Coronet Ins. Co., supra,* 665 F. Supp. 661, 667 (citations omitted). Accordingly,

24  plaintiffs' failure to plead each defendant's alleged wrongdoing is an independent ground to

25  dismiss the fraud claim for failure to state a claim pursuant to Rule 12(b)(6).

26          2.    **Plaintiffs Fail To Allege The Elements Of A Fraud Claim.**

27          Under California law, the elements of fraud are (1) a misrepresentation (false

28  representation, concealment, or non-disclosure); (2) knowledge of falsity, i.e., scienter; (3) intent

582243.1                                    9
MPA -- DEFS. ASRM & SART's MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF
SUBJECT MATTER JURIS. OR ALT., MOTION TO DISMISS 1ST, 2ND, & 3RD C/A FOR FAILURE TO
STATE A CLAIM and MOTION TO DISMISS CLASS CLAIMS OR STRIKE CLASS ALLEGATIONS

1  to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Bank of the*

2  *West v. Valley Nat'l Bank of Arizona*, 41 F.3d 471, 477 (9th Cir. 1994) (citations omitted). Here,

3  plaintiffs have not pled intent to defraud, knowledge of falsity or justifiable reliance.

4  Plaintiffs' third claim is in essence one for promissory fraud. In effect, plaintiffs

5  allege that the "defendants" made promises to comply with the conditions of the alleged oral and

6  written contracts, guidelines and representations, without intending to keep the promises. The

7  allegations in the claims for breach of contract and fraud are nearly identical.

8  (Breach of contract claim)

9  14. Commencing on or about 1992 and continuously
through 2003, defendants entered into written and oral contracts,
10  guidelines and representations with plaintiffs, according to which
defendants agreed that they would not transfer, donate, sell, give or
11  otherwise dispose of any eggs or embryos of the plaintiffs to anyone
other than designated recipients specifically designated in the profile
12  transfer requests signed by the doctors, and would not engage in any
other form of "egg sharing," without the plaintiffs' written informed
13  consent. Defendants agreed to honor the exclusivity of the
arrangement for each of the procedures in question.
14  (Complaint, 5:6-12.)

15  (Fraud claim)

16  29. From 1992 through 2003, defendants made certain
representations to plaintiffs, which plaintiffs relied on to their
17  detriment. These representations, which defendants knew to be false
but which plaintiffs believed to be true, included, inter alia, promises
18  that defendants would not share, sell, transfer, give away, donate, or
otherwise transmit any of the plaintiff donors' eggs to any recipient
19  person or entity, without getting the signed informed consent of the
plaintiffs. Defendants promised that they would not engage in egg
20  sharing with anyone, and would not give the plaintiffs' eggs to any
recipients, without first informing the plaintiffs and getting their
21  written informed consent. Defendants also promised plaintiffs that
they would honor the exclusivity of the egg donation process, as to
22  allowing the donors to know about and approve the identity of any
recipient of their eggs. . . .
23  (Complaint, 9:1-10.)

24  Although Rule 9(b) states that "[m]alice, intent, knowledge, and other condition of

25  mind of a person may be averred generally[,]" a plaintiff is required to "set forth facts from which

26  an inference of scienter could be drawn." *Cooper v. Pickett,* 137 F.3d 616, 628 (9th Cir. 1997)

27  (citations omitted). Here, the sum of the allegations tending to show intent is a conclusory

28  statement that "defendants had no real intention of honoring their commitment to exclusivity and

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

582243.1                                    10

MPA -- DEFS. ASRM & SART's MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF
SUBJECT MATTER JURIS. OR ALT., MOTION TO DISMISS 1ST, 2ND, & 3RD C/A FOR FAILURE TO
STATE A CLAIM and MOTION TO DISMISS CLASS CLAIMS OR STRIKE CLASS ALLEGATIONS

1    informed consent requirements." Complaint, 9:16-17.  However, the mere fact that a party

2    breaches a promise to perform a condition of contract is insufficient, as a matter of law, to give

3    rise to an inference that the breaching party acted with fraudulent intent at the time the promise

4    was made. *Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18, 30 (1985) (*quoting People v. Ashley*, 42 Cal.

5    2d 246, 263 (1954)) ("something more than nonperformance is required to prove the defendant's

6    intent not to perform his promise").

7            In addition to not pleading fraudulent intent, plaintiffs have not alleged any facts

8    showing scienter or justifiable reliance.  Thus, plaintiffs have not alleged three essential elements

9    of their common law fraud claim.  This is another basis for the court to dismiss plaintiffs' third

10   claim for fraud.

11   **D.    THE COURT SHOULD DISMISS THE CLASS ACTION CLAIMS OR**
         **STRIKE THE REPRESENTATIVE CLAIM ALLEGATIONS BECAUSE**
12       **PLAINTIFFS HAVE NOT SATISFIED RULE 23 OF THE FEDERAL**
         **RULES OF CIVIL PROCEDURE.**

13

14           Rule 12(f) of the Federal Rules of Civil Procedure provides that upon motion, or

15   upon the court's own initiative, "the court may order stricken from any pleading any insufficient

16   defense or any redundant, immaterial, impertinent, or scandalous matter."  A motion to strike can

17   be used so as to attack portions of the pleading, including single words or phrases. *Fantasy Inc.,*

18   *supra,* 984 F.2d 1524, 1527.  Class claims or representative allegations may be stricken by way of

19   motion under Rule 12(f). *Ardoin v. Stine Lumber Co.*, 220 F.R.D. 459, 461 (W.D. La. 2004).

20           All class actions in federal court must satisfy the prerequisites of Federal Rules of

21   Civil Procedure Rule 23.  Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide:  Fed. Civ. Proc.*

22   *Before Trial* (The Rutter Group, 2008), § 10:256.  Rule 23, not state law, controls in determining

23   class certification of actions filed in federal court. *State of Minnesota v. U.S. Steel Corp.*, 44

24   F.R.D. 559, 568 (D. Minn. 1968).  Rule 23 requires allegations of numerosity, common questions

25   of law or fact, typicality of claims and defenses, and fair and adequate representation of the

26   interests of the class.  None of these elements are satisfied by the Complaint.  As such, the

27   representative claim allegations in the Complaint should be stricken.

28   ///

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

582243.1                                11
MPA -- DEFS. ASRM & SART's MOTION  TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF
SUBJECT MATTER JURIS. OR ALT., MOTION TO DISMISS 1ST, 2ND, & 3RD C/A FOR FAILURE TO
STATE A CLAIM and MOTION TO DISMISS CLASS CLAIMS  OR STRIKE CLASS ALLEGATIONS

1      **1.      The Complaint Fails To Satisfy The Numerosity Requirement.**

2            The class must be so numerous that joinder of all members individually is

3      "impracticable." Fed. R. Civ. P. 23(a)(1). The rational of the requirement is to ensure that class

4      actions are used "only where it would be inequitable and impractical to require every member of

5      the class to be joined individually." *Cal. Prac. Guide: Fed. Civ. Proc. Before Trial, supra*, §

6      10:257. Although there is not an exact numerical cutoff, 40 or more members have been deemed

7      sufficient while 21 or fewer is not. *Ansari v. New York Univ.*, 179 F.R.D. 112, 114 (S.D. N.Y.

8      1998). A class of 15 or fewer has been held too small for class certification. *General Tel. Co. of*

9      *Northwest, Inc. v. EEOC*, 446 U.S. 318, 330, 100 S.Ct. 1698 (1980). Moreover, "to satisfy the

10     numerosity prong, plaintiff must ordinarily demonstrate some evidence or reasonable estimate of

11     the number of purported class members." *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 868

12     (5th Cir. 2000). *See e.g., Gillibeau v. City of Richmond,* 417 F.2d 426, 432 (9th Cir. 1969)

13     (holding that merely alleging that class action suit was brought on behalf of all other Negroes

14     similarly situated whose numbers made it impractical to have them joined as plaintiffs in the

15     action was insufficient).

16            Here, there are no allegations to demonstrate some evidence for, or a reasonable

17     estimate of, the class. In fact, the class is not defined. *See Section II. D.2., infra*. The Complaint

18     fails the numerosity requirement.

19     **2.      The Complaint Fails To Satisfy The Commonality Requirement.**

20            Rule 23(a)(2) requires "questions of law or fact common to the class." Typically,

21     "a common nucleus of operative facts is usually enough to satisfy the commonality requirement of

22     Rule 23(a)(2)." *Rosario v. Livaditis*, 963 F.2d 1013, 1017-18 (7th Cir. 1992). The Complaint fails

23     this requirement. There are no allegations regarding the class representative's individual dispute

24     with defendants. Nor is the class defined. In fact, the only reference in the Complaint to the class

25     representative and members is as follows:

26            2. Plaintiffs _(intentionally omitted)_ JESSICA and class of
       plaintiffs believed to be similarly situated is a group of women egg

27     donors whose eggs were allegedly given to unknown and
       unauthorized recipients via an industry-wide practice allegedly

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

582243.1                                              12
**MPA -- DEFS. ASRM & SART's MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF
SUBJECT MATTER JURIS. OR ALT., MOTION TO DISMISS 1ST, 2ND, & 3RD C/A FOR FAILURE TO
STATE A CLAIM and MOTION TO DISMISS CLASS CLAIMS OR STRIKE CLASS ALLEGATIONS**

1   known as "egg sharing" without their informed consent, and in
2   violation of an existing legally binding contract.

3   (Complaint, 2:9-13).  The rest of the Complaint refers to "plaintiffs" as a generic group.  Without

4   facts as to the class representative's specific dispute and that of the purported class members,

5   defendants and the Court are left to speculate about the nature of the class representative's

6   problem with defendants and whether the class she purports to represent had the same or similar

7   experience.  The Complaint does not satisfy the commonality requirement.

8   ### 3.    The Complaint Fails To Satisfy The Typicality Requirement.

9   Rule 23(a)(3) requires that the "claims or defenses of the class representative must

10  be typical of the claims or defenses of the class".  The general test is that the class representative

11  "must be part of the class and possess the same interest and suffer the same injury as the class

12  members."  *General Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 156, 102 S.Ct. 2364 (1982).

13  As with the commonality requirement, the class representative's individual dispute is not alleged,

14  nor is the class defined.  Without these allegations, plaintiffs have failed to plead that the claims of

15  "Jessica," the class representative, is typical of the claims of the undefined class members she

16  purports to represent.  Thus, the Complaint fails to satisfy Rule 23's typicality requirement.

17  ### 4.    Plaintiffs Fail To Satisfy The Adequacy Requirement.

18  The lack of a defined class also negates the adequacy of representation

19  requirement.  A plaintiff seeking to maintain a class action must be a member of the class he

20  claims to represent.  *General Tel. Co. of Southwest, supra*, 457 U.S. at 156.  As discussed above,

21  the Complaint fails to define the class.  Therefore, it is impossible to determine whether plaintiff

22  "Jessica" is qualified to adequately represent the class.

23  Given that the allegations of the Complaint fails to plead the elements of the class

24  action rule, the court should dismiss the class action, or alternatively, strike the class allegations

25  from the Complaint.

26  ### III.   CONCLUSION

27  Plaintiffs' Complaint does not allege a federal question that can be the basis of this

28  court's jurisdiction over the subject matter of this case.  In addition, plaintiffs Options and

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

582243.1                                    13
MPA -- DEFS. ASRM & SART's MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF
SUBJECT MATTER JURIS. OR ALT., MOTION TO DISMISS CLAIMS 1ST, 2ND, & 3RD C/A FOR FAILURE TO
STATE A CLAIM and MOTION TO DISMISS CLASS CLAIMS OR STRIKE CLASS ALLEGATIONS

1  defendant ASRM are both citizens of California, which defeats diversity jurisdiction.  Plaintiffs

2  should not be granted leave to amend their Complaint to allege subject matter jurisdiction based

3  on diversity because the defect cannot be cured.  Accordingly, the court should dismiss the

4  Complaint in its entirety for lack of subject matter jurisdiction.

5           Alternatively, the court should dismiss or strike the portion of the first claim for

6  breach of oral contract and dismiss second claim for intentional interference with contractual

7  relations for failure to state a claim because they are time-barred.  In addition, the court should

8  dismiss the third claim for fraud because plaintiffs have not pled fraud with sufficient specificity

9  against each of the defendants and failed to allege three essential elements of a common law fraud

10  claim.  Further, the court should dismiss the class action claim or strike the class action allegations

11  because plaintiffs have not satisfied Rule 23(a) of the Federal Rules of Civil Procedure.

12

13  DATED:  May 9, 2008                        Respectfully submitted,

14                                             MUSICK, PEELER & GARRETT LLP

15

16  By:  _____

17                                             Catherine M. Lee
                                              Attorneys for Defendants THE AMERICAN
18                                             SOCIETY FOR REPRODUCTIVE
                                              MEDICINE and SOCIETY FOR ASSISTED
                                              REPRODUCTIVE TECHNOLOGY
19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

582243.1                                    14
MPA -- DEFS. ASRM & SART's MOTION  TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF
SUBJECT MATTER JURIS. OR ALT., MOTION TO DISMISS 1ST, 2ND, & 3RD C/A FOR FAILURE TO
STATE A CLAIM and MOTION TO DISMISS CLASS CLAIMS  OR STRIKE CLASS ALLEGATIONS