**E-Filed 5/15/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTIONS NATIONAL FERTILITY REGISTRY, a California Corporation; and JESSICA and a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN SOCIETY FOR REPRODUCTIVE MEDICINE; SOCIETY FOR ASSISTED REPRODUCTIVE TECHNOLOGY; DOES 1-102 (REGISTERED INFERTILITY PHYSICIANS) and DOES 103-1500 (FERTILITY CLINICS AND ASSOCIATED PROFESSIONAL DEFENDANTS),<br><br>Defendants. | Case Number C 07-5238 JF (HRL)<br><br>**ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

Plaintiff Options National Fertility Registry ("Options"), allegedly representing a class of similarly situated human egg donors, alleges that Defendants American Society for Reproductive Medicine ("ASRM") and Society for Assisted Reproductive Technology ("SART") engaged in "egg sharing" as part of an industry-wide practice without the informed

---

[1] This disposition is not designated for publication in the official reports.

consent of the egg donors. Plaintiff's initial complaint alleged claims for breach of contract, tortious interference with a contractual relationship, fraud, and conversion. This Court dismissed that complaint with leave to amend for lack of subject matter jurisdiction. Plaintiff filed the operative first amended complaint ("FAC") on January 16, 2009, alleging the same four state law claims and adding two federal claims, one for civil RICO violations and one for antitrust violations. Defendants have filed a motion to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The Court has considered the moving and responding papers and the oral arguments of counsel presented at the hearing on May 15, 2009. For the reasons discussed below, the Court will grant the motion with leave to amend.

## I. SUBJECT MATTER JURISDICTION

**A.  Diversity**

The Court explicitly has held that diversity jurisdiction does not exist because both Options and Defendant ASRM are California corporations. *See* Order Granting Motion To Dismiss With Leave To Amend, Docket No. 32, at 4; Order Re Correspondence From Teri Royal Dated December 1, Docket No. 37, at 2.

**B.  Federal Question**

Plaintiff alleges two federal law claims, one for racketeering under RICO, 18 U.S.C. §§ 1962 and 1964, and one for antitrust violations under the Sherman Act and the Clayton Act. Plaintiff's claims under these statutes are so devoid of factual support as to border on the frivolous.

**1.  RICO**

"The elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (internal quotation marks and citations omitted).

Plaintiff appears to be attempting to allege the existence of an associated-in-fact enterprise. An associated-in-fact enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct." *Odom v. Microsoft Corp.*, 486 F.3d 541,

552 (9th Cir. 2007) (internal citation and quotation marks omitted). "To establish the existence of such an enterprise, a plaintiff must provide both evidence of an ongoing organization, formal or informal, and evidence that the various associates function as a continuing unit. *Id*. (internal citation and quotation marks omitted).

"Racketeering activity" includes any criminal activity indictable under one of several statutes listed in the RICO provisions. *See* 18 U.S.C. § 1961(1). In order to allege the existence of a "pattern" of racketeering activity, the plaintiff must allege at least two predicate acts, or two instances of such activity. *Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997).

Plaintiff alleges conclusorily that "DEFENDANTS ARE CORRUPT RACKETEERING ORGANIZATIONS WHO HAVE VIOLATED PLAINTIFF'S AND THEIR DONORS' RIGHTS AND PROPERTY INTERESTS." FAC ¶ 44. Plaintiff goes on to allege that Defendants "engaged in a conspiracy to commit mail fraud, wire fraud, and other types of fraud against plaintiffs and donors by concealing the fact that egg sharing was being aided and abetted by defendants and their doctors, and that women donors were being defrauded and deprived of a property interest, to wit, their eggs." *Id* Plaintiff alleges that Defendants' conduct also violates the Thirteenth Amendment to the United States Constitution, and constitutes money laundering. *Id*.

These conclusory allegations do not come close to establishing the existence of the requisite enterprise, or the existence of predicate acts of racketeering. Accordingly, the RICO claim is subject to dismissal for failure to state a claim upon which relief may be granted.

**2.   Antitrust**

Plaintiff does not specify which sections of the Sherman Act and Clayton Act Defendants are alleged to have violated. Given the broad range of anticompetitive conduct addressed by these statutes, Plaintiff's lack of specificity is fatal to its claim. Moreover, a private party has standing to bring suit under these statutes only of it has suffered "causal antitrust injury," that is, (1) injury caused by anticompetitive conduct (2) which is of the type that antitrust laws were designed to protect against. 15 U.S.C. § 15; *Rebel Oil Co. v. Atlantic Richfield Co.*, 51 F.3d 1421, 1433 (9th Cir. 1995); *Datagate, Inc. v. Hewlett-Packard Co.*, 941

F.2d 864, 867 (9th Cir. 1991). Plaintiff alleges that "Options was driven out f [sic] business because defendants spread the word that Options could not be trusted, that it was affiliated with doctors who shared eggs without consent of the donors, etc., and by other slanderous statements so that nobody wanted to do business with Options." FAC ¶ 50. Plaintiff fails utterly to allege how these allegedly defamatory statements constituted anticompetitive conduct in violation of the Sherman Act or the Clayton Act. Accordingly, the antitrust claim is subject to dismissal as well.

The Court has grave reservations whether Plaintiff can allege a viable racketeering or antitrust claim in this case. However, at the hearing on this matter counsel for Plaintiff represented that Plaintiff can allege such claims in good faith. Accordingly, the Court will grant Plaintiff leave to amend.

**C.   Supplemental Jurisdiction**

Unless and until Plaintiff states a viable federal claim, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805-06 (9th Cir. 2001).

## II. ORDER

The motion to dismiss is GRANTED WITH LEAVE TO AMEND. Any amended complaint shall be filed and served within twenty (20) days after the date of this order.

DATED: 5/15/09

_____
JEREMY FOGEL
United States District Judge

1 | This Order has been served upon the following persons:

2 | Catherine Mi Lee c.lee@mpglaw.com

3 | Stanley G. Hilton FROG727@AOL.COM, froggg333@comcast.net, mscarver@aol.com, STAVROS3589@AOL.COM

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-5238 JF (HRL)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFLC2)