**E-Filed 12/4/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTIONS NATIONAL FERTILITY REGISTRY, a California Corporation; and JESSICA and a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN SOCIETY FOR REPRODUCTIVE MEDICINE; SOCIETY FOR ASSISTED REPRODUCTIVE TECHNOLOGY; DOES 1-102 (REGISTERED INFERTILITY PHYSICIANS) and DOES 103-1500 (FERTILITY CLINICS AND ASSOCIATED PROFESSIONAL DEFENDANTS),<br><br>Defendants. | Case Number C 07-5238 JF (HRL)<br><br>**ORDER[1] GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND; AND DISMISSING FEDERAL ACTION WITH PREJUDICE** |

Plaintiff Options National Fertility Registry ("Options"), and "Jessica," allegedly representing a class of similarly situated human egg donors, alleges that Defendants American Society for Reproductive Medicine ("ASRM") and Society for Assisted Reproductive Technology ("SART") engaged in "egg sharing" as part of an industry-wide practice without the

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 07-5238 JF (HRL)
ORDER GRANTING MOTION TO DISMISS SAC WITHOUT LEAVE TO AMEND
(JFLC2)

informed consent of the egg donors. Plaintiffs' initial complaint alleged claims for breach of contract, tortious interference with a contractual relationship, fraud, and conversion. This Court dismissed that complaint with leave to amend for lack of subject matter jurisdiction. On January 16, 2009, Plaintiffs filed a first amended complaint ("FAC") alleging the same four state law claims and adding two federal claims, one for civil RICO violations and one for antitrust violations. This Court dismissed the FAC with leave to amend on the ground that Plaintiffs had failed to state a viable federal claim; the Court deferred evaluation of Plaintiffs' state claims until such time as Plaintiffs allege a viable federal claim. On June 4, 2009, Plaintiffs filed the operative second amended complaint ("SAC"), alleging the same state and federal claims that were alleged in the FAC.

On August 7, 2009, Defendants moved to dismiss the SAC; a hearing on that motion was set for September 25, 2009. On August 30, 2009, the Court received notification that Plaintiffs' counsel had been placed on inactive status by the State Bar of California. On September 3, 2009, the Court received a copy of correspondence in which Teri Royal, president and chief executive officer of Options, requested that defense counsel agree to an extension of time for Plaintiffs to respond to the motion to dismiss. On September 8, 2009, the Court issued an order staying the action to permit Plaintiffs to retain new counsel. The Court reset the motion hearing for November 20, 2009. There has been no appearance by a new attorney for Plaintiffs, and no opposition to the motion has been filed. On November 20, 2009, the morning of the hearing, the Court received an email from Ms. Royal requesting a further continuance of the motion hearing to permit Plaintiffs a further opportunity to retain new counsel.

If Plaintiffs had come close to alleging a viable federal claim, the Court might be inclined to grant a further continuance so that Plaintiffs could attempt to find new representation to pursue the action. However, as the Court noted in its order dated May 15, 2009, Plaintiffs' RICO and antitrust claims are utterly lacking, and indeed appear to be quite farfetched. The SAC does nothing to cure the defects delineated in the May 15 Order. Accordingly, the Court will grant Defendants' motion at this time.

In assessing whether to grant Plaintiffs yet another opportunity to amend, the Court

considers "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party[,] and futility of the proposed amendment." *Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (quoting *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (providing factors constraining district court's discretion to deny leave to amend). These factors, however, are "not given equal weight . . . , [and] futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). While there is no evidence of bad faith or dilatory motive, the Court concludes that Plaintiffs already have delayed the litigation by repeatedly failing to state a viable federal claim and by obtaining a continuance in order to retain new counsel and then failing to obtain counsel. It appears to the Court that any attempts to cure the defects in Plaintiffs' federal RICO and antitrust claims would be futile. Accordingly, the motion will be granted without leave to amend, and the action will be dismissed with prejudice on the ground that Plaintiffs have failed to demonstrate subject matter jurisdiction.

This dismissal is without prejudice to Plaintiffs' assertion of their state law claims in state court. This Court has not reached the merits of Plaintiffs' state law claims and this dismissal is not intended as an adjudication on the merits with respect to those claims.

**ORDER**

For good cause shown,

(1) The motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND;

(2) The action is DISMISSED WITH PREJUDICE; and

(3) The Clerk of the Court shall close the file.

DATED: 12/4/2009

_____
JEREMY FOGEL
United States District Judge

1 | Copies of this Order were delivered to:

3 | FROG727@AOL.COM

5 | c.lee@mpglaw.com

6 | teriroyal@hotmail.com[2]

---

[2] Ms. Royal is the president and chief executive officer of Plaintiff Options. Because Options does not have representation at this time, a copy of this order has been emailed to Ms. Royal as a courtesy.

4

Case No. C 07-5238 JF (HRL)
ORDER GRANTING MOTION TO DISMISS SAC WITHOUT LEAVE TO AMEND
(JFLC2)